# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALLDREDGE,<br><br>　　　　　　　　　Petitioner,<br>vs.<br>ARNOLD SCHWARZENEGGER,<br>　　　　　　　　　Respondents. | Civil No.　06-2299 BTM (WMc)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to 28 U.S.C. § 2254 attacking a conviction from the Superior Court of San Mateo County, California. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The Court takes judicial notice of Petitioner's San Mateo County Superior Court, Division 2 conviction, case number SC45687A[1], and Petitioner's subsequent direct appeal of that conviction in the California Court of Appeal, 1st District number

---

[1] *See* California Courts website at;
http://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=1&doc_id=43530&doc_no=A091638

A089768.[2] As indicated by the above referenced cases, the application in the present matter attacks a conviction in the Superior Court of San Mateo County, California, which is within the jurisdictional boundaries of the United States District Court for the Northern District. *See* 28 U.S.C. § 84(a). Petitioner claims he was arrested in "Mission Bay Sea World" and therefore venue was proper in San Diego. (Petition at 2.) However, Petitioner was not convicted in San Diego for any crime for which he has appealed.

Moreover, Petitioner is presently confined at Corcoran State Prison, which is located in Kings County and is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Thus, jurisdiction exists in the Northern District or Eastern District; and not in the Southern District.

Although this Court does not have jurisdiction over the action, "[u]nder a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631, this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C. § 2241(d).

When a habeas petitioner is challenging a state conviction, the district court of the district in which a petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district courts in California to transfer habeas actions challenging a state conviction to the district in which the Petitioner was convicted. Any and all records, witnesses and evidence necessary for

---

[2] It is further noted that Petitioner has filed no appeals in the California Court of Appeal, Fourth District Division 1, which encompasses San Diego County.

1 the resolution of Petitioner's contentions are more readily available in San Mateo County, which
2 is thus a more convenient forum. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can,
3 of course, transfer habeas cases to the district of conviction which is ordinarily a more
4 convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

5 Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
6 transfer this matter to the United States District Court for the Northern District of California.
7 *See* 28 U.S.C. § 2241(d).   **IT IS FURTHER ORDERED** that the Clerk of this Court serve a
8 copy of this Order upon Petitioner and upon the California Attorney General.

10 DATED: October 31, 2006

12 Hon. Barry Ted Moskowitz
United States District Judge